Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Richard J. Palagallo**
Debtor(s)

Bankruptcy Case No.: 19–24923–CMB
Per February 3, 2020 Proceeding
Chapter: 13
Docket No.: 23 – 5
Concil. Conf.: June 11, 2020 at 02:00 PM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated December 30, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Jun. 11, 2020 at 02:00 PM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.  shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☐ H. Additional Terms:

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: February 11, 2020

*Carlota M. Böhm*
Carlota M. Böhm, Judge
United States Bankruptcy Court

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                              Case No. 19-24923-CMB
Richard J. Palagallo                                                Chapter 13
      Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0315-2          User: dric              Page 1 of 2              Date Rcvd: Feb 11, 2020
                              Form ID: 149            Total Noticed: 28
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 13, 2020.
```
db              +Richard J. Palagallo,    947 Stanton Avenue Ext.,    Pittsburgh, PA 15209-2424
15177146       ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
                 (address filed with court: Bank of America,    Po Box 982238,    El Paso, TX 79998)
15177147        +Bank of America,    4909 Savarese Circle,    Fl1-908-01-50,    Tampa, FL 33634-2413
15177150        +Chase Card Services,    Attn: Bankruptcy,    Po Box 15298,    Wilmington, DE 19850-5298
15177148        +Chase Card Services,    Po Box 15369,    Wilmington, DE 19850-5369
15177152        +Citibank,    Po Box 6217,    Sioux Falls, SD 57117-6217
15177153        +Citibank,    Attn: Recovery/Centralized Bankruptcy,    Po Box 790034,    St Louis, MO 63179-0034
15187416        +JPMorgan Chase Bank, N.A.,     s/b/m/t Chase Bank USA, N.A.,
                  c/o National Bankruptcy Services, LLC,    P.O. Box 9013,    Addison, Texas 75001-9013
15195710        +PNC BANK, N.A.,    Bankruptcy Department,    3232 NEWMARK DRIVE,    MIAMISBURG OH 45342-5421
15177157        +PNC Bank,    Po Box 3180,    Pittsburgh, PA 15230-3180
15177160        +PNC Bank,    Attn: Bankruptcy,    Po Box 94982: Mailstop Br-Yb58-01-5,    Cleveland, OH 44101-4982
15177156        +PNC Bank,    Po Box 8703,    Dayton, OH 45401-8703
15177159        +Pnc Bank,    Atn: Bankruptcy Department,    Po Box 94982: Ms: Br-Yb58-01-5,
                  Cleveland, OH 44101-4982
15177161        +Pnc Mortgage,    Attn: Bankruptcy,    3232 Newmark Drive,    Miamisburg, OH 45342-5433
15177167       ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
                 (address filed with court: Toyota Financial Services,    Attn: Bankruptcy Dept,    Po Box 8026,
                  Cedar Rapids, IA 52409)
15177166         Toyota Financial Services,    111 W 22nd St,    Oakbrook, IL 60521
15190582        +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
15177168        +Wells Fargo Bank,    Po Box 14517,    Des Moines, IA 50306-3517
15177169        +Wells Fargo Jewelry Advantage,    Attn: Bankruptcy,    Po Box 10438,    Des Moines, IA 50306-0438

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr              +E-mail/Text: kburkley@bernsteinlaw.com Feb 12 2020 02:52:43      Duquesne Light Company,
                  c/o Bernstein-Burkley, P.C.,    707 Grant Street, Suite 2200, Gulf Tower,
                  Pittsburgh, PA 15219-1945
cr              +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 12 2020 02:50:09
                  PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15177154         E-mail/Text: bk@freedomfinancialnetwork.com Feb 12 2020 02:51:23       Freedom Financial,
                  1875 South Grant Street,    San Mateo, CA 94402
15177155         E-mail/Text: bk@freedomfinancialnetwork.com Feb 12 2020 02:51:23       Freedom Plus,
                  Attn: Bankruptcy,    Po Box 2340,    Phoenix, AZ 85002
15177162        +E-mail/PDF: gecsedi@recoverycorp.com Feb 12 2020 02:49:59      Syncb/PPC,    Po Box 965005,
                  Orlando, FL 32896-5005
15177163        +E-mail/PDF: gecsedi@recoverycorp.com Feb 12 2020 02:49:11      Syncb/PPC,    Attn: Bankruptcy,
                  Po Box 965060,    Orlando, FL 32896-5060
15177164        +E-mail/PDF: gecsedi@recoverycorp.com Feb 12 2020 02:50:05      Synchrony Bank,
                  Attn: Bankruptcy Dept,    Po Box 965060,    Orlando, FL 32896-5060
15178028        +E-mail/PDF: gecsedi@recoverycorp.com Feb 12 2020 02:49:59      Synchrony Bank,
                  c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15177165        +E-mail/PDF: gecsedi@recoverycorp.com Feb 12 2020 02:49:11      Synchrony Bank/BP,
                  Po Box 965024,    Orlando, FL 32896-5024
                                                                                              TOTAL: 9

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr               PNC Mortgage, A Division Of Pnc Bank, National Ass
15177151*       +Chase Card Services,    Attn: Bankruptcy,    Po Box 15298,    Wilmington, DE 19850-5298
15177149*       +Chase Card Services,    Po Box 15369,    Wilmington, DE 19850-5369
15188193*       +JPMorgan Chase Bank, N.A.,     s/b/m/t Chase Bank USA, N.A.,
                  c/o National Bankruptcy Services, LLC,    P.O. Box 9013,    Addison, Texas 75001-9013
15177158*       +PNC Bank,    Po Box 3180,    Pittsburgh, PA 15230-3180
                                                                                   TOTALS: 1, * 4, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0315-2           User: dric                  Page 2 of 2                  Date Rcvd: Feb 11, 2020
                               Form ID: 149                Total Noticed: 28
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 13, 2020                                            Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 11, 2020 at the address(es) listed below:
              Christopher M. Frye    on behalf of Debtor Richard J. Palagallo chris.frye@steidl-steinberg.com,
               julie.steidl@steidl-steinberg.com;todd@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;cgo
               ga@steidl-steinberg.com;r53037@notify.bestcase.com;rlager@steidl-steinberg.com;kmeyers@steidl-ste
               inberg.com
              Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
               jbluemle@bernsteinlaw.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              Thomas  Song    on behalf of Creditor    PNC Mortgage, A Division Of Pnc Bank, National Association
               pawb@fedphe.com
                                                                                             TOTAL: 5
```